35 F.3d 555
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MAXINE S. DOMINGOS, on HER BEHALF AND AS Administratrix OF
the Estate of Frank S. Domingos, Plaintiff-Appellant,
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 94-1010.
 United States Court of Appeals,
Fourth Circuit.
 Aug. 18, 1994.
 
 Before WILKINS and WILLIAMS, Circuit Judges, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 Clifford Leon Lee, II, BARTON & LEE, Fayetteville, North Carolina, for Appellant.
 Patricia Jane Reedy, Trial Attorney, Torts Branch, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 ON BRIEF: Frank W.
 Hunger, Assistant Attorney General, Jeffrey Axelrad, Director, Torts Branch, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
 OPINION
 PER CURIAM:
 
 
 1
 Maxine S. Domingos brought this medical malpractice action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. Secs. 2671-2680 (West 1965 & Supp.1994), alleging that the negligence of United States Army physicians proximately caused the death of her husband, Frank Domingos. The district court dismissed the action in part and granted summary judgment in part. We affirm.
 
 I.
 
 2
 In 1984, army physicians performed two invasive surgical procedures on Frank Domingos, an army retiree. During each procedure, Mr. Domingos received blood transfusions. Shortly after the second of these procedures, Mr. Domingos allegedly began experiencing symptoms consistent with acquired immunodeficiency syndrome (AIDS). In 1986, Mr. Domingos requested that he be tested for the human immunodeficiency virus (HIV). He tested positive for HIV and was treated for AIDS and its symptoms until his death in 1989.
 
 
 3
 Mrs. Domingos promptly filed an administrative claim with the Department of the Army, alleging that Mr. Domingos had contracted AIDS "as a result of negligence in the procurement of blood for the blood transfusions during the operation." The Army denied the claim. Thereafter, Mrs. Domingos filed this action in district court. In her proposed pretrial order, she set forth her allegations of negligence as follows: (1) negligent introduction of AIDS into Mr. Domingos' body; (2) negligent introduction of hepatitis B into Mr. Domingos' body; (3) failure to inform Mr. Domingos that he had hepatitis B prior to his death; and (4) failure to timely diagnose Mr. Domingos as having AIDS.
 
 
 4
 The district court dismissed the second, third, and fourth claims without prejudice, reasoning that it lacked subject matter jurisdiction over those allegations because Mrs. Domingos had failed to raise them in her administrative claim as required by the FTCA. See 28 U.S.C.A. Sec. 2675(a) (West Supp.1994). The court further concluded that summary judgment was proper on Mrs. Domingos' remaining claim of negligent screening for HIV. The primary basis for the grant of summary judgment was that Mrs. Domingos' own experts testified in their depositions that no clinical test for detecting HIV in blood existed in 1984 when Mr. Domingos allegedly acquired the virus through a blood transfusion. Her experts further testified that they had no opinion as to whether the army hospitals were otherwise negligent in screening potential blood donors or in giving Mr. Domingos blood transfusions.
 
 II.
 
 5
 After carefully reviewing the record, we conclude that the district court properly dismissed the negligent diagnosis and two hepatitis claims for lack of subject matter jurisdiction. We additionally conclude that the court properly granted summary judgment to the Government on Mrs. Domingos' claim of negligent introduction of HIV. Therefore, we affirm on the reasoning of the district court.* See Domingos v. United States, No. 91-43-CIV-3-H (E.D.N.C. Nov. 1, 1993).
 
 AFFIRMED
 
 
 *
 The order of the district court indicates that the district judge determined that the conduct of Mrs. Domingos' counsel also justified the dismissal of the entire cause of action pursuant to Federal Rule of Civil Procedure 16(f). Because we affirm on other grounds, we need not consider this potential issue